UNITED STATES DISTRICT COURT
WESTERN DISTRICT OF NORTH CAROLINA
STATESVILLE DIVISION
5:16-cv-101-FDW

| | |
|---|---|
| CARL BENNETT PRIMUS, JR., )<br>)<br>Plaintiff, )<br>)<br>vs. )<br>)<br>FNU PAYNE, Correctional Officer, )<br>)<br>Defendant. )<br>_____ ) | **ORDER** |

**THIS MATTER** is before the Court on Plaintiff's Motion for Order Compelling Discovery, (Doc. No. 18). As Plaintiff explains in his motion, he seeks the first name of the sole Defendant in this action, Defendant FNU Payne, alleged to be a correctional officer at Alexander Correctional Institution at all relevant times. Defendant Payne allegedly used excessive force against Plaintiff on March 9, 2016. Plaintiff alleges in a grievance attached to the Complaint that he and Defendant got into a physical altercation while Plaintiff was returning from evening gym. (Doc. No. 1-1 at 1). Plaintiff alleges that "Sergeant Walker and Officer Carter" restrained and handcuffed him during the incident. (Id.). Plaintiff alleges that after he was placed in handcuffs Defendant Payne kicked him in the face. (Id.). On October 17, 2016, the U.S. Marshal returned an unexecuted summons as to Defendant FNU Payne, stating that NCDPS "declined to give first name of officer." (Doc. No. 16 at 1). Furthermore, a note on the summons states that NCDPS "have 11 previous employees with the name Payne, without further information this process cannot be served." (Id. at 3).

Plaintiff's motion to compel is **GRANTED** to the extent that Plaintiff has sufficiently

1

identified the date on which the alleged excessive force occurred, and he filed a grievance that provides additional details about the incident. Therefore, the full identity of Defendant FNU Payne should not be difficult for the officials at Alexander to discern. In accordance with this Order, officials at Alexander Correctional Institution shall provide the U.S. Marshal with the full name of the Defendant named in this action, as well as information regarding Defendant's last known address. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995) (noting that "prisoners often get the 'runaround' when they attempt to obtain information through governmental channels and needless attendant delays in litigating a case result. . . . Although a state prison may be justifiably reluctant to provide employee addresses to a prisoner or ex-prisoner due to security concerns, it hardly can claim the same reluctance in providing the information to a federal law enforcement agency."). After obtaining the full name of Defendant, the U.S. Marshal shall attempt to locate and obtain service on Defendant.

**IT IS THEREFORE ORDERED** that:

(1) Plaintiff's Motion to Compel, (Doc. No. 18), is **GRANTED** in accordance with this order.

(2) The Clerk is respectfully instructed to mail this Order to Alexander Correctional Institution and the North Carolina Attorney General, along with a copy of Plaintiff's grievance documents, docketed as No. 1-1 in this matter.

**IT IS SO ORDERED**.

Signed: November 28, 2016

Frank D. Whitney
Chief United States District Judge