# UNITED STATES DISTRICT COURT
# WESTERN DISTRICT OF NORTH CAROLINA
# STATESVILLE DIVISION
# 5:16-cv-101-FDW

| | |
|---|---|
| CARL BENNETT PRIMUS, JR., ) | |
| ) | |
| Plaintiff, ) | |
| ) | |
| vs. ) | **ORDER** |
| ) | |
| FNU PAYNE, Correctional Officer, ) | |
| ) | |
| Defendant. ) | |
| ) | |

**THIS MATTER** is before the Court on periodic status review.

Pro se Plaintiff Carl Bennett Primus, Jr., is a prisoner of the State of North Carolina, currently incarcerated at Marion Correctional Institution in Marion, North Carolina. Plaintiff filed this action on June 13, 2016, naming as the sole Defendant FNU Payne, identified as a correctional officer at Alexander Correctional Institution at all relevant times.

Following initial review by the Court, Plaintiff submitted a summons form for service on Defendant by the U.S. Marshal at Alexander Correctional Institution. On October 17, 2016, the U.S. Marshal returned as unexecuted a summons form, indicating that Defendant is no longer employed with the North Carolina Department of Public Safety, and that the NCDPS declined to give the first name of Defendant. See (Doc. No. 16). The Court then entered an order requiring the NCDPS to identify the full identity of Defendant so that the U.S. Marshal can attempt to effectuate service. On December 29, 2016, in a sealed document, the NCDPS supplied the last known personal address for Defendant. (Doc. No. 25).

Generally, a plaintiff is responsible for effectuating service on each named Defendant

1

within the time frame set forth in Fed. R. Civ. P. 4(m), and failure to do so renders the action subject to dismissal. However, if an incarcerated plaintiff proceeding in forma pauperis provides the Marshals Service sufficient information to identify the defendant, the Marshals Service's failure to complete service will constitute good cause under Rule 4(m) if the defendant could have been located with reasonable effort. See Graham v. Satkoski, 51 F.3d 710, 713 (7th Cir. 1995). Before a case may be dismissed based on failure to effectuate service, the Court must first ensure that the U.S. Marshal has used reasonable efforts to locate and obtain service on the named defendants. See Greene v. Holloway, No. 99-7380, 2000 WL 296314, at *1 (4th Cir. Mar. 22, 2000) (where the district court dismissed a defendant in a Section 1983 action based on the prisoner's failure to provide an address for service on a defendant who no longer worked at the sheriff's office, remanding so the district court could "evaluate whether the marshals could have served [Defendant] with reasonable effort"). Therefore, this Court will instruct the U.S. Marshal to use reasonable efforts to locate and obtain service on Defendant Payne at the address provided by the NCDPS.

**IT IS THEREFORE ORDERED THAT**:

(1) Within 30 days of this Order, the U.S. Marshal shall use reasonable efforts to locate and obtain service on Defendant Payne in accordance with Fed. R. Civ. P. 4. The U.S. Marshal shall use the personal address given in the sealed document filed as Docket No. 25. If the U.S. Marshal is unable to locate and obtain service on Defendant Payne within this time period, the U.S. Marshal shall inform the Court of the efforts taken to locate and serve Defendant Payne. If the U.S. Marshal returns the service as executed at the personal address given for Defendant Payne, the U.S. Marshal shall redact the address given on the return of service.

(2) The Clerk is respectfully instructed to mail a forward of this Order to the U.S. Marshal, as well as a copy of the sealed document, filed as Docket No. 25.

Signed: January 11, 2017

Frank D. Whitney
Chief United States District Judge